BYE, Circuit Judge,
dissenting in part.
Unlike the majority, I would conclude float is a Plan asset under these circumstances and Fidelity therefore breached its fiduciary duty of loyalty by transferring float to the Depository Account for the benefit of investment options and by using float income to pay for bank expenses.
In concluding float is not a Plan asset, the majority has been persuaded by principles of property law. However, I find basic principles of property law are not persuasive in light of regulations which specifically define Plan assets in the context of ERISA. Regarding the definition of Plan assets, the Department of Labor regulations implementing ERISA provide:
[T]he assets of the plan include amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer’s general assets.
29 C.F.R. § 2510.3-102(a)(l) (2012) (emphasis added). I read this regulation to mean that a distribution to the Plan is a Plan asset at the time it is placed into Fidelity’s depository account, thus making depository float a Plan asset. Additional Department of Labor Resources convince me redemption float is also a Plan asset. U.S. Dep’t of Labor, Information Letter (1994), available at http://www.dol.gov/ ebsa/regs/ILs/il081194.html (stating self-dealing is improper with respect to retaining earnings on float attributable to outstanding checks). Because the funds in Fidelity’s float accounts were Plan assets, the float income, consisting of interest earned from Plan assets and returns from investing of Plan assets, is also considered to be a Plan asset.
I would also find Fidelity breached its fiduciary duty of loyalty in handling the float as well as the float income. The Department of Labor expects that parties should, “as part of their fee negotiations, provide full and fair disclosure regarding the use of float[.]” U.S. Dep’t of Labor, Field Assistance Bulletin 2002-3 (2002), available at http://www.dol.gov/ebsa/regs/ fab2002-3.html. As such, if Fidelity had “openly negotiated” to retain float income “as part of its overall compensation,” a breach of fiduciary duties by Fidelity would not be before this court. Id. How *342 ever, Fidelity failed to negotiate float openly and thus Fidelity was improperly using, for its own benefit, float income which was property of the Plan. See George v. Kraft Foods Global, Inc., 641 F.3d 786, 801 (7th Cir.2011) (“Under State Street’s agreement with the Plan, State Street was allowed to retain the income earned from float. Absent this agreement, any float income would have been property of the Plan.”).
Accordingly, I respectfully dissent from the majority’s conclusion that the district court erred in assessing damages for Fidelity’s handling of float and income generated from such float.